IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| MARIE RAEL, as the Personal Representative of the Estate of RAYMOND A. RAEL, deceased | : : : : | |
| Plaintiff | : : | No.   1:22-cv-2163 |
| v. | : : | |
| BNSF RAILWAY COMPANY, f/k/a Burlington Northern and Santa Fe Railway Company | : : : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

# COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq. (FELA), which grants this Court jurisdiction over this action.

2. Plaintiff, Marie Rael, (hereinafter "Plaintiff") is an adult individual and resides at 1612 Sycamore Avenue, Rocky Ford, CO 81067, who is the wife of Raymond A. Rael and duly appointed, by the District Court of Otero County, Colorado, the Personal Representative of the Estate of Raymond A. Rael.

3. Plaintiff's husband, Raymond A. Rael (Decedent) died on May 18, 2021.

4. Defendant, BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railway, and successor in interest to Burlington Northern Railroad and the Atchison, Topeka and Santa Fe Railway, amongst other acquired railroads, (hereinafter collectively as "BNSF") was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail; and for the purposes hereof did operate locomotives,

1

railroad cars and repair facilities and transacted substantial business throughout Colorado and the various states of the United States.

5. Railroads and their facilities are notorious for having been contaminated from years of transporting toxic substances and from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

6. From July 16, 1979 to February 28, 2018, the Plaintiff's Decedent was employed by Defendant railroad, or its predecessor in interest, as a trackman and was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. During the course and scope of his career as a trackman Plaintiff's Decedent worked mainly in La Junta, Colorado, but while working on mobile tie gangs, Plaintiff's Decedent would also travel to other states including: New Mexico, Kansas, Texas, Oklahoma, California, Arizona, Montana, Wyoming and Missouri.

8. During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings and along its right of ways, Plaintiff's Decedent was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/fumes/exhaust, creosote, silica, asbestos dust and fibers and other exposures.

9. Specifically, while in the yards and mainlines, Plaintiff's Decedent was exposed to diesel fumes/exhaust from locomotive exhaust and from track diesel powered equipment; creosote from replacing old ties with new ones soaked in creosote; silica from ballast dust and asbestos from insulation and brake shoe dust.

10. Plaintiff's Decedent's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of lung cancer.

11. The Plaintiff's Decedent's cancer is the result of the negligence of the Defendant railroad in that it utilized known cancer-causing materials in its operations, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

12. Defendant's negligence consisted of:

   (a) Failing to use ordinary care and caution to provide the Plaintiff's Decedent with a reasonably safe place in which to work as required by the FELA;

   (b) Failing to provide on track machinery with properly designed and adequately functioning ventilation systems;

   (c) Failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's Decedent's exposure to toxic materials and carcinogens;

   (d) Failing to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

   (e) Failing to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

   (f) Failing to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways;

   (g) Failing to periodically test employees such as the Plaintiff's Decedent for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff's Decedent as to the test results;

    (h)    Failing to warn the Plaintiff's Decedent of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

    (i)    Failing to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Decedent, to carcinogens;

    (j)    Failing to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens;

    (k)    Failing to provide the Decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens and;

    (l)    Failing to utilize low emissions fuels such as bio-diesel in its locomotives.

13.    The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

14.    As a direct result of the negligence of the Defendant railroad, the Plaintiff's Decedent experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

15.    Plaintiff's Decedent suffered from a fear of death as a result of his cancer.

16.    Plaintiff seeks all damages recoverable under the FELA.

17.    Plaintiff's Decedent was never informed as to the cause of his cancer.

18.    Less than three (3) years before Plaintiff's Complaint was filed, she first learned that her husband's cancer was caused or contributed to by the negligence of the Defendant.

WHEREFORE, the Plaintiff, Marie Rael, Personal Representative for the Estate of Raymond A. Rael, demands judgment against the Defendant BNSF in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

                                                        BERN CAPPELLI

Dated:  August 23, 2022                  BY:   /s/ Shawn M. Sassaman
                                                        SHAWN M. SASSAMAN
                                                        BY:   /s/ Jennifer Hoffman
                                                        JENNIFER HOFFMAN
                                                        Attorneys for Plaintiff
                                                        101 West Elm Street
                                                        Suite 520
                                                       Conshohocken, PA  19428
                                                       (610) 941-4444
                                                       (610) 941-9880 fax